## Pare, etc. v. Renfro, etc.

(Decided October 22, 1918.)

### Appeal from Barren Circuit Court.

Appeal and Error—Second Appeal.—The judgment appealed from conformed to the opinion delivered on the first appeal of the case and is affirmed.

W. L. PORTER for appellant.

BAIRD & RICHARDSON and C. H. HATCHETT for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

We think a brief statement of the facts out of which this appeal arises will show that the judgment appealed from was correct. Charles Pare died intestate in Barren county, leaving surviving him his widow, Docia Pare, and two daughters, Nellie Renfro and Mary Gabbard. His widow qualified as administratrix and some time afterwards Nellie Renfro brought suit against Docia Pare as administratrix as well as individually, seeking to recover several thousand dollars that it was alleged came into her hands, or that should have come into the hands of Docia Pare as administratrix, and for which she had failed to account. Mary Gabbard, the only other child, was joined as a defendant.

In this suit there was judgment awarding Nellie Renfro in part the relief sought in her petition and it was further adjudged ''that Baird and Richardson and Hatchett is allowed the sum of ($1,000.00) one thousand dollars for their services as attorneys in bringing and prosecuting this action. One-half of this sum, to-wit, ($500.00) five hundred dollars is taxed against the estate of C. B. Pare and the remaining ($500.00) five hundred dollars is taxed in equal amounts against the shares of Nellie Renfro and Mary Gabbard. . . . The clerk is directed to tax the costs to be paid out of the estate by Docia Pare including . . . $500.00 allowed Baird & Richardson and C. H. Hatchett . . . Docia Pare must pay out of Mary Gabbard's share $250.00 to Baird & Richardson and C. H. Hatchett and deduct that from Mary Gabbard's share, leaving due Mary Gabbard $2,752.75, and she will likewise pay for Nellie Renfro to Baird & Richardson and C. H. Hatchett $250.00, leaving due Nellie Renfro $2,752.75.''

Docia Pare, as administratrix, and in her own right, excepted to so much of the judgment as held her accountable for a certain fund and "to the allowance to Baird & Richardson and C. H. Hatchett of $500.00, to be taxed as costs against the estate of C. B. Pare, and to the item of $250.00 allowed Baird & Richardson and Hatchett, to be paid by her and charged to Mary Gabbard, and prays an appeal to the Court of Appeals, which is granted her, and the plaintiff, Nellie Renfro, excepts to that part of the judgment refusing to allow the entire fee of Baird & Richardson and Hatchett out of the estate of C. B. Pare."

It will be observed that in this judgment Baird & Richardson and Hatchett were allowed a fee of $1,000.00, but only $500.00 of it was allowed against the estate of C. B. Pare; the other $500.00 was to be paid in equal portions by Mary Gabbard and Nellie Renfro out of their part of the estate. From this judgment Docia Pare, as administratrix, and in her individual capacity, prosecuted an appeal to this court, complaining, among other things, of the allowance to Baird & Richardson and Hatchett of $500.00 to be paid out of the estate and to the allowance of $250.00 to them to be paid out of the share going to Mary Gabbard, although it is at once apparent that the $250.00 required to be paid by Mary Gabbard did not in any manner affect the estate or Docia Pare in her fiduciary or individual capacity. Mary Gabbard and Nellie Renfro were the only persons who had any reason to complain of the order charging them with $500.00 of the attorney fee, but neither of them appealed from the judgment and therefore we may safely say that it was satisfactory to them.

In the opinion on the appeal of Docia Pare, which may be found in 178 Ky. 143, the court, in the course of the opinion, said, in respect to the attorneys' fees, that the $1,000.00 allowed Baird & Richardson and Hatchett was "to be paid out of the estate," but it is manifest from the judgment that this statement of the opinion was error because only $500.00 of the attorney fee was to be charged against and paid by the estate; and the court further said in the course of the opinion that: "Under the circumstances we are of the opinion that the fee for the plaintiff's attorneys (Baird & Richardson and Hatchett) should be fixed at $500.00  .  .  .  to be

paid out of the estate;'' and the judgment was reversed with directions to enter a judgment in accordance with the opinion. On the return of the case Docia Pare, who it appears had paid in her individual capacity to Baird & Richardson and Hatchett after the judgment in the lower court the $1,000.00 attorney fee allowed as before stated, moved the court to require these attorneys to refund to her $500.00 of this amount, which motion was overruled and it is from the order overruling the motion to require the attorneys to refund this 500.00 that this appeal is prosecuted by Docia Pare individually and as administratrix.

In her behalf the argument is made that as this court, on the former appeal, said that the fee to be allowed Baird & Richardson and Hatchett should be $500.00 in place of $1,000.00 that opinion is the law of the case and the lower court had no discretion except to direct these attorneys to return to Mrs. Pare the $500.00. It is further said that under the ruling of the lower court, after the case was sent back, the attorneys were allowed to keep the fee of $1,000.00 when this court said they should have been allowed only $500.00. It is true that this is the effect of the judgment of the lower court from which this appeal is prosecuted, but the question remains—What right has Mrs. Pare, as administratrix, or individually, to complain of this ruling? Under the judgment appealed from in the first case the estate was only required to pay $500.00, the amount this court said should be paid by the estate, and this is all the estate is required to pay under the last judgment. It is true, as we have said, the attorneys get $500.00 more than this court said they should have been allowed, but the extra $500.00 which was paid for Nellie Renfro and Mary Gabbard by Mrs. Pare out of their shares in the estate has been, as we may well assume, deducted by her from their shares of the estate, and they are not complaining because they were charged with this $500.00 fee. Neither the estate nor Mrs. Pare has lost anything by the payment of $500.00 by Mary Gabbard and Nellie Renfro.

Now we think it likely that the confusion in this case arose out of the fact that this court, in the former opinion, inadvertently said that the $1,000.00 attorney fee had been paid ''out of the estate'' when, as a matter of fact, only $500.00 had been paid by the estate. This

court in the opinion could not have meant that Mary Gabbard and Nellie Renfro should not pay the attorneys $500.00 because neither of them was complaining about the order of the lower court charging them with this amount. As the matter now stands the estate has only had to pay an attorney's fee of $500.00 and this the former opinion said should be paid by the estate.

It therefore appears that in the judgment here appealed from the lower court did only what this court directed should be done. When the case went back the lower court had no authority to say that Nellie Renfro and Mary Gabbard should not be charged with and pay $500.00 to the attorneys because they did not complain of this charge against them.

The judgment is affirmed.